UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMEL SWINTON,

                      PLAINTIFF,

vs.

THE CITY OF NEW YORK,
P.O. DIOGENESIS HERNANDEZ, SGT.
DAVON ALSTON, P.O. TORRELL,
P.O. Clarke, and "John Doe"
Police Officers 1-6,

                      DEFENDANTS.

INDEX NO.

Jury Trial Demanded

COMPLAINT

---

Plaintiffs JAMEL SWINTON, by his attorney, WYLIE M. STECKLOW, of Stecklow & Thompson, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff JAMEL SWINTON brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. The Plaintiff brings claims under New York State law, including the Human Rights Law and the common law. In addition to compensatory and punitive damages, the plaintiff seeks the award of statutory attorneys fees, expenses, and costs.

## II. JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff Jamel Swinton further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all state law claims and causes of action.

## III. VENUE

6. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district.

## IV. JURY DEMAND

7. Plaintiff Jamel Swinton respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

8. Plaintiff Jamel Swinton is a resident of the State of New York.

9. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant The City of New York maintains the New York City Police Department ("NYPD").

11. At the time of the May 24, 2014 incident narrated in this complaint, Defendant P.O. DIOGENESIS HERNANDEZ was a member of the NYPD, stationed at the 42nd Precinct and having a Shield No. 029422.

12. At the time of the May 24, 2014 incident narrated in this complaint, Defendant P.O. Hernandez was acting within the scope of his employment as a member of the NYPD.

13. At the time of the May 24, 2014 incident narrated in this complaint, Defendant SGT. DAVON ALSTON was a member of the NYPD, stationed at the 42nd Precinct.

14. At the time of the May 24, 2014 incident narrated in this complaint, Defendant Sgt. Alston was acting within the scope of his employment as a member of the NYPD.

15. At the time of the May 24, 2014 incident narrated in this complaint, Defendant P.O. TORRELL was a member of the NYPD, stationed at the 42nd Precinct.

16. At the time of the May 24, 2014 incident narrated in this complaint, Defendant P.O. Torrell was acting within the scope of his employment as a member of the NYPD.

17.

18. At the time of the May 24, 2014 incident narrated in this complaint, Defendant P.O. Clarke was acting within the scope of his employment as a member of the NYPD.

19. At all times hereinafter mentioned, Defendant "JOHN DOE" POLICE OFFICERS 1-6 ("The Doe Police Officers") were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and within the scope of their employment.

20. Plaintiff Jamel Swinton sues the Defendant Police Officers in both their official and individual capacities.

21. Plaintiff Jamel Swinton will amend this complaint to name the Defendant Doe Police Officers as their identities can be established to a reasonable certainty.

22. At all times relevant to this action, the defendants were acting under color of state law.

23. The acts complained of were carried out by the aforementioned individual Defendant Police Officers in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

24. Each and all of the acts of the Defendant Police Officers alleged herein were done by said defendants while acting within the scope and in furtherance of their employment by Defendant The City of New York.

## VI. FACTS COMMON TO ALL CLAIMS

25. Plaintiff Jamel Swinton is an African American male.

26. He is now 18 years old.

### A. May 24, 2014 False Arrest

27. Jamel was arrested at approximately 6:30 PM in front of 1077 Boston Road in the Bronx.

28. At the time of his arrest, Jamel was 16 and half years old.

29. There was no warrant for Jamel's arrest.

30. Jamel was in front of his apartment building playing basketball with a five year old child.

4

31. Jamel's friend and neighbor Shawn N. walked towards Jamel on the sidewalk.

32. Shawn had his camera phone out, because he had been filming police.

33. Upon information and belief, Shawn had been filming police who Shawn believed were committing police misconduct.

34. Jamel and the five-year old child continued to play with their basketball.

35. Shortly after Shawn arrived at the sidewalk in front of 1077 Boston Roade, a police car stopped in front of the building.

36. Three police officers got out of the car and approached Shawn.

37. These police officers were Defendants John Doe Police Officers 1-3.

38. Shawn said to Jamel, in sum and substance, "Take my phone."

39. Upon information and belief, Shawn wanted Jamel to protect the phone and the video it already contained of police misconduct.

40. Jamel approached Shawn to take the phone.

41. The police officers near Shawn pushed Jamel back.

42. Another police car had arrived within seconds of the first car.

43. Three police officers got out of that car.

44. These police officers grabbed Jamel.

45. One of these officers was Sgt. Alston.

46. Upon information and belief, another of these officers was P.O. Torrell.

47. The third police officer was Defendant John Doe Police Officer 4.

48. These officers threw Jamel to the ground.

49. Two of the officers got on top of Jamel.

50. These officers twisted Jamel's arms and placed their knee in his back.

51. The third officer, standing, began to kick Jamel.

52. At this point, Jamel was already in handcuffs.

53. The officer kicked Jamel in the jaw.

54. During this time, Jamel did not resist arrest, even though his arrest was illegal.

55. Jamel suffered injuries to his face and jaw and thumb.

56. Defendant PO Diogenesis Hernandez swore out a criminal complaint against Jamel making false allegations against him.

57. In the complaint, Defendant PO Hernandez swore that Jamel was arrested for blocking the entrance to Jamel's apartment building.

58. This allegation was false.

59. In the complaint, Defendant PO Hernandez swore that he told Jamel multiple times to disperse.

60. This allegation was false.

61. In the complaint, Defendant PO Hernandez swore that Jamel refused to disperse.

62. This allegation was false.

63. In the complaint, Defendant PO Hernandez swore that Jamel jumped in between Hernandez and Shawn in order to prevent Hernandez from placing handcuffs on Shawn.

64. This allegation was false.

65. In the complaint, Defendant PO Hernandez swore that Jamel resisted arrest.

66. This allegation was false.

67. In the complaint, Defendant PO Hernandez swore that Jamel "flailed his arms" to resist arrest.

68. This allegation was false.

69. In the complaint, Defendant PO Hernandez swore that Jamel also "tucked his arms towards his body" to resist arrest.

70. This allegation was false.

71. Defendant Sgt. Davon Alston swore out an affidavit for use in the criminal prosecution of Jamel, which falsely stated that the allegations made by Defendant PO Hernandez were true.

72. Jamel was held in custody overnight.

73. Jamel was forced to return to court many times to fight these false charges.

74. Ultimately, because of the challenge of battling charges founded on perjured testimony of multiple police officers, Jamel accepted an ACD. However, he did so only because the police perjury deprived him of a fair criminal proceeding

75. As a result of the Defendants' constitutionally impermissible conduct, Plaintiff JAMEL SWINTON was caused to suffer personal injuries, violations of his civil rights, mental and emotional distress, and loss of liberty.

76. Plaintiff Jamel Swinton demands judgment against the defendants in a sum to be determined by the jury at trial.

## VII.  CLAIMS FOR RELIEF

### FIRST CLAIM

### DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS

77. Plaintiff re-alleges each and every allegation contained in the above paragraphs.

78. All of the aforementioned acts of Defendant The City of New York and the Defendant Police Officers were carried out under the color of state law.

79. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to:

    a. Freedom from seizure and arrest not based upon probable cause;
    b. Freedom from being subjected to false criminal charges by the police;
    c. Freedom from unlawful search;
    d. The right to a fair trial;
    e. Freedom from excessive force being used upon him;
    f. Freedom from malicious or retaliatory prosecution.

80. All of the aforementioned acts deprived Jamel of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

81. As a result of the Defendants' constitutionally impermissible conduct, Jamel was caused to suffer personal injuries, violations of his civil rights, mental and emotional distress, and loss of liberty.

82. Jamel demands judgment for compensatory and punitive damages against the defendants in a sum to be determined by the jury at trial.

### SECOND CLAIM

### FALSE ARREST

83. Plaintiff re-alleges each and every allegation contained in the above paragraphs.

84. Jamel was subjected to false arrest by the Defendant The City of New York and the Defendant Police Officers on May 24, 2014.

85. Jamel was arrested without a warrant and without probable cause.

86. As a result of the Defendants' violations, Jamel was caused to suffer personal injuries, violations of his civil rights, mental and emotional distress, and loss of liberty.

87. Jamel demands judgment against the defendants in a sum to be determined by the jury at trial.

## THIRD CLAIM
## EXCESSIVE FORCE

88. Plaintiff re-alleges each and every allegation contained in the above paragraphs.

89. Jamel was subjected to excessive force by the Defendant The City of New York and the Defendant Police Officers on May 24, 2014.

90. As a result of the Defendants' violations, Jamel was caused to suffer personal injuries, violations of his civil rights, mental and emotional distress, and loss of liberty.

91. Jamel demands judgment for compensatory and punitive damages against the defendants in a sum to be determined by the jury at trial.

## FOURTH CLAIM

## DEPRIVATION OF RIGHT TO A FAIR TRIAL

92. Plaintiff re-alleges each and every allegation contained in the above paragraphs.

93. The Defendants presented false official statements as evidence against Jamel, claiming that Jamel engaged in criminal activity when he did not do so.

94. By doing so, the Defendants deprived Jamel of the right to a fair trial.

95. As a result of the Defendants' violations, Jamel was caused to suffer personal injuries, violations of his civil rights, mental and emotional distress, and loss of liberty.

96. Jamel asserts this cause of action under federal law (42 U.S.C. §1983).

97. Jamel demands judgment for compensatory and punitive damages against the defendants in a sum to be determined by the jury at trial.

## FIFTH CLAIM

## FAILURE TO INTERVENE

98. Plaintiff re-alleges each and every allegation contained in the above paragraphs.

99. Those of the Defendants who were not direct participants arresting and assaulting Jamel were present and witnessed these illegal acts being done by the other Defendant Police Officers.

100. These Defendants had the duty to stop those other Defendant Police Officers from illegally arresting and assaulting Jamel.

101. These Defendants, because they were present at the time and place of Jamel's illegal arrest and assault by the other officers, had the ability to intervene to

protect Jamel by speaking up, or by physically preventing the illegal arrest and assault by those other officers.

102. These Defendants failed to intervene to protect Jamel.

103. As a result of the Defendants' violations, Jamel was caused to suffer personal injuries, violations of his civil rights, mental and emotional distress, and loss of liberty.

104. Jamel asserts this cause of action under federal law (42 U.S.C. §1983).

105. Jamel demands judgment for compensatory and punitive damages against the defendants in a sum to be determined by the jury at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.

DATED: New York, New York
FEBRUARY 14, 2017

Respectfully submitted,

WYLIE STECKLOW
STECKLOW & THOMPSON
217 Centre Street, 6th Floor
New York, New York 10013
Phone (212) 566-8000
Fax (212) 202-4952
dave@sctlaw.nyc
ATTORNEY FOR PLAINTIFF