UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMEL SWINTON,

                              Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. DIOGENESIS HERNANDEZ, SGT.
DAVON ALSTON, P.O. TORRELL,
P.O. Clark, and "John Doe"
Police Officers 1-6,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY, HERNANDEZ, AND ALSTON**

**17 Civ. 1137 (LGS)**

**JURY TRIAL DEMANDED**

Defendants City of New York ("City"), Diogenesis Hernandez, and Davon Alston by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, dated February 14, 2017, respectfully allege, upon information and belief, as follows:

## AS TO "PRELIMINARY STATEMENT"

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

## AS TO "JURISDICTION"

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

### AS TO "VENUE"

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

### AS TO "JURY DEMAND"

7. State that paragraph "7" of the Complaint is a demand for a jury trial, not an averment of fact, and as such, no response is required.

### AS TO "THE PARTIES"

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York and maintains its police department consistent with all applicable laws and rules, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant Police Officer Diogenesis Hernandez was employed by the City of New York as a member of the New York City Police Department on May 24, 2014.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that defendant Police Officer Diogenesis Hernandez was employed by the City of New York as a member of the New York City Police Department on May 24, 2014.

13. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant Sergeant Davon Alston was employed by the City of New York as a member of the New York City Police Department on May 24, 2014.

14. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant Sergeant Davon Alston was employed by the City of New York as a member of the New York City Police Department on May 24, 2014.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. State that paragraph "17" is blank and not an averment of fact, and as such, no response is required.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

22. State that the allegations set forth in paragraph "22" of the Complaint are legal conclusions to which no response is required.

23. State that the allegations set forth in paragraph "23" of the Complaint are legal conclusions to which no response is required.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

## AS TO "FACTS COMMON TO ALL CLAIMS"

25. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was arrested on May 24, 2014 in the vicinity of 1077 Boston Road, Bronx, NY.

28. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that plaintiff was not arrested pursuant to a warrant on May 24, 2014.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint, except admit that Officer Hernandez swore in the Criminal Court Complaint that plaintiff "flailed his arms and tucked his arms toward his body, in an attempt to avoid being handcuffed."

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Officer Hernandez swore in the Criminal Court Complaint that plaintiff "flailed his arms and tucked his arms toward his body, in an attempt to avoid being handcuffed."

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that plaintiff was held in custody for approximately 21 hours and 53 minutes.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. State that the allegations set forth in paragraph "76" of the Complaint are not averments of fact to which a response is required.

## AS TO "CLAIMS FOR RELIEF"

## AS TO "FIRST CLAIM"

77. In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint and all of its discrete subparts.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS TO "SECOND CLAIM"

83. In response to the allegations set forth in paragraph "83" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS TO "THIRD CLAIM"

88. In response to the allegations set forth in paragraph "88" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS TO "FOURTH CLAIM"

92. In response to the allegations set forth in paragraph "92" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

## AS TO "FIFTH CLAIM"

98. In response to the allegations set forth in paragraph "98" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint except admit that plaintiff purports to proceed as stated therein.

105. Deny the allegations set forth in paragraph "105" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

106. The wherefore clause, and all of its discrete subparts, are not averments of fact to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

107. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

108. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

109. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

110. Defendants Hernandez and Alston have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

111. At all times relevant to the acts alleged in the Complaint, defendants Hernandez and Alston acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Hernandez and Alston are entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

112. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

113. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

114. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

115. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

116. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

117. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

118. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

119. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish Defendant's official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

120. Plaintiff provoked any incident.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

121. Plaintiff may have failed to mitigate damages.

**AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE:**

122. There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

**WHEREFORE,** defendants City, Hernandez, and Alston request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of their action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 5, 2017

>ZACHARY W. CARTER
>Corporation Counsel of the City of New York
>*Attorney for Defendants City, Hernandez and Alston*
>100 Church Street
>New York, New York 10007
>(212) 356-5057
>
>By: /s/
>Kaitlin Fitzgibbon
>*Assistant Corporation Counsel*
>Special Federal Litigation

cc: **BY ECF**
Wylie Stecklow
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, NY 10013

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JAMEL SWINTON,<br><br>                                            Plaintiff,<br><br>                   -against-<br><br>THE CITY OF NEW YORK,<br>P.O. DIOGENESIS HERNANDEZ, SGT.<br>DAVON ALSTON, P.O. TORRELL,<br>P.O. Clark, and "John Doe"<br>Police Officers 1-6,<br><br>                                           Defendants |
| **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY, HERNANDEZ AND ALSTON** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*100 Church Street*<br>*New York, New York 10007*<br>*Of Counsel: Kaitlin Fitzgibbon*<br>*Tel: (212) 356-5057* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. .........................................................,2017*<br><br>*.................................................................... Esq.*<br><br>*Attorney for .......................................................* |